IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


SHAWN WHITENIGHT,                    :
                                     :
          Plaintiff                  :
                                     :
     v.                              :     CIVIL NO. 4:CV-16-1350
                                     :
LAUREL HARRY, ET AL.,                :     (Judge Brann)
                                     :
          Defendants                 :

**<u>MEMORANDUM</u>**

October  19 , 2016

**<u>Background</u>**

This <u>pro</u> <u>se</u> civil rights action pursuant to 42 U.S.C. § 1983 was filed by

Shawn Whitenight, an inmate presently confined at the Greene State Correctional

Institution, Waynesburg, Pennsylvania.  Plaintiff has also submitted an <u>in</u> <u>forma</u>

<u>pauperis</u> application.[1]  For the reasons set forth below, Whitenight's action will be

dismissed, without prejudice, as legally frivolous pursuant to the screening

provisions of 28 U.S.C. § 1915.

---

[1]  Whitenight completed this Court's form application to proceed <u>in</u> <u>forma</u>
<u>pauperis</u> and authorization to have funds deducted from his prison account.  The Court
will issue an Administrative Order directing the Warden at his present place of
confinement to commence deducting the full filing fee from Plaintiff's prison trust
fund account.

Named as Defendants are Chief Grievance Officer Dorina Varner of the Pennsylvania Department of Corrections (DOC) together with the following officials at Plaintiff's prior place of confinement at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill):  Superintendent Laurel Harry; Health Care Administrator Ed Shoop; Medical Director Jose Boggio, M.D.; Theodore Voorstad, M.D.; Vanitha Abraham, M/D.; Physician's Assistant Amy Flaff; and various John/Jane Doe prison and DOC employees.  The Plaintiff is also proceeding against Correct Care Solutions[2] and Physical Therapist Donald Jones, described as being an employee of Holy Spirit Hospital.

According to the sparsely worded complaint, Whitenight  was arrested in Jefferson County, Pennsylvania on December 17, 2013 by the Pennsylvania State Police.  During his arrest, Plaintiff was allegedly subjected to a retaliatory use of excessive force which resulted in "cervical and lumbar spine injuries."  Doc. 1, p. 6.  He was subsequently convicted in the Court of Common Pleas of Jefferson County and sentenced to a 4-8 year term of imprisonment.

While housed in the Jefferson County Prison, as both a pre-trial detainee and a convicted prisoner, Whitenight was allegedly denied adequate medical treatment for the injuries sustained during his arrest.  Plaintiff indicates that the

---

[2]  Correct Care is presumably a private corporation which has been contracted by the DOC to provide health care for state inmates.

purported constitutional misconduct by the Pennsylvania State Police and Jefferson County Prison officials are the subject of lawsuits presently pending in the United States District Court for the Western District of Pennsylvania.[3]

Following his conviction, Plaintiff vaguely asserts that he was transferred into state custody "to avoid financial liability of medical treatment." Id. at p. 3, ¶ IV. His Complaint generally adds only that all Defendants have denied him adequate medical care. Whitenight seeks injunctive and declaratory relief as well as compensatory, nominal, and punitive damages.

## Discussion

### Standard of Review

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[3] Whitenight also asserts that he has initiated suit in the Western District regarding his medical care at SCI-Greene and SCI-Pittsburgh.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

**Personal Involvement**

4

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Named as a Defendant is Donald James, who is described as being a physical therapist employed at Holy Spirit Hospital, Camp Hill, Pennsylvania. There are no facts alleging either how James violated Whitenight's constitutional rights or showing that the Defendant was acting under color of state law.  As such, under the standards announced in Rode,  Defendant James is entitled to entry of dismissal.

Second, in order to establish a viable § 1983 claim against a private corporate entity such as Correct Care Solutions, it must be asserted that said defendant had a policy, practice, or custom which caused injury to the plaintiff. See Adonai-Adoni v. King, 2009 WL 890683 * 2 (E.D. Pa. March 31, 2009) (a private health care provider can only be liable under § 1983 if claim rests upon some policy, practice or custom); see also Riddick v. Modery, 250 Fed. Appx. 482, 483-84 (3d Cir. 2007); Carpenter v. Kloptoski, 2010 WL 891825 * 8 (M.D. Pa.

March 10, 2010)(§ 1983 claim against private medical service solely on the basis that it was responsible for providing health care is subject to dismissal). However, there are no allegations or facts set forth in the Complaint that could support a claim that Plaintiff's right to be provided with adequate medical care was violated as  the result of any Correct Care solutions policy, practice or custom. Accordingly, this Defendant is entitled to entry of dismissal.

With respect to Grievance Coordinator Varner, Superintendent Harry , Medical Director Boggio, and Health Care Administrator Shoop  prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") .  Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976);

Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  As

explained in Rode:

> A defendant in a civil rights action must have personal
> involvement in the alleged wrongs. . . .  [P]ersonal involvement
> can be shown through allegations of personal direction or of
> actual knowledge and acquiescence.  Allegations of
> participation or actual knowledge and acquiescence, however,
> must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

While prisoners do have a constitutional right to seek redress of their

grievances from the government, that right is the right of access to the courts

which is not compromised by the failure of prison officials to address an inmate's

grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance

regulations providing for administrative remedy procedure do not create liberty

interest in access to that procedure).

Based upon an application of the standards set forth in Rode, the Complaint,

to the extent that it seeks to establish liability against Chief Grievance Officer

Varner, Superintendent Harry, Health Services Administrator Shoop, and Medical

Director Boggio under a theory of respondeat superior, is subject to dismissal.

Likewise, any attempt by Plaintiff to pursue a claim against Defendants Varner,

Harry, Shoop, and Boggio either based upon the handling of Plaintiff's

administrative grievances or complaints does not support a constitutional claim.

7

See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir.

2005)(involvement in post-incident grievance process not a basis for § 1983

liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison

grievance procedure does not confer any substantive constitutional rights upon

prison inmates, the prison officials' failure to comply with grievance procedure is

not actionable).

Pursuant to the above discussion and since the Complaint does not set forth

any factual allegations showing any personal involvement by Defendants Varner,

Harry, Shoop, and Boggio in any actions relating to the Plaintiff's medical

treatment at SCI-Camp Hill, those officials are entitled to entry of dismissal.

**Deliberate Indifference**

With respect to the claims against the Remaining Defendants, the Eighth

Amendment "requires prison officials to provide basic medical treatment to those

whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)

(citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth

Amendment medical claim, an inmate must allege acts or omissions by prison

officials sufficiently harmful to evidence deliberate indifference to a serious

medical need.  See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale

v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir.  2003).  In the

context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a  lay person would easily recognize the necessity for a doctor's attention."  Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023);  Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "[I]f  unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment."  Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

With respect to the serious medical need requirement, the Complaint seeks relief with respect to what is generally described as neck and back injuries. Plaintiff does not indicate when he arrived at SCI-Camp Hill or when he left.   The Complaint also does not include any factual allegations whatever regarding his claim of inadequate medical care while at SCI-Camp Hill.

Based upon the sparseness of the Complaint, it is unclear as to whether the Plaintiff's injuries constituted a serious medical need during the period of his confinement at SCI-Camp Hill.  However, assuming arguendo that the Complaint did satisfy the serious medical need threshold, there are no facts asserted which could establish that could support a claim of deliberate indifference.

The United States Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).  A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).   It is true, however, that if inadequate treatment results merely from an error in medical judgment, there is no constitutional violation. See id.  However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be

presented.  See id.;  Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

As noted earlier, it is unknown as to how long Plaintiff was at SCI-Camp Hill and that due to the lack of factual development in the Complaint it is unclear as to the roles, if any, the Remaining SCI-Camp Hill Medical Defendants played in Plaintiff's medical care.  There are also no facts demonstrating what treatment was required or prescribed.  The Plaintiff also does not state what care, if any, was provided to the prisoner or if any prescribed/needed treatment was withheld. Rather, the Complaint generally indicates only that there was deliberate indifference to Whitenight's need for treatment.

As noted above, this is not a situation where Plaintiff has set forth a discernible claim that he was not provided with required medical attention or that needed care was improperly delayed.  Given the vagueness of the Complaint, Plaintiff's bald claim of deliberate indifference is simply insufficient.  Entry of dismissal is appropriate since the Complaint does not include a discernible basis for a claim that any of the SCI-Camp Hill medical staff members named as Defendants in this action engaged in any conduct which could support a claim of deliberate indifference.

**Conclusion**

Since Plaintiff's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.[4]   An appropriate Order will enter.


BY THE COURT:


  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4]    If Plaintiff believes that the deficiencies outlined herein could be cured via the submission of an amended complaint he may file a motion for reconsideration and a proposed amended complaint within fourteen (14) days of the date of this Memorandum.