# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WHITENIGHT, | : | |
| Plaintiff, | : | |
| v. | : | No.: 4:16-CV-1350 |
| LAUREL HARRY, ET AL., | : | (Judge Brann) |
| Defendants. | : | |

## ORDER

**MAY 25, 2017**

**I.     Background**

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was filed by Shawn Whitenight, an inmate presently confined at the Greene State Correctional Institution, Waynesburg, Pennsylvania. By Memorandum and Order dated October 19, 2016, Plaintiff's action was dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Following dismissal of his action, Plaintiff filed a motion seeking reconsideration of that decision. *See* Doc. 16. Thereafter, this Court granted Whitenight's request for an extension of time in which to file a proposed amended complaint as part of his reconsideration request. Also presently pending before this Court are Whitemight's motions seeking appointment of counsel (Doc. 20);

class certification (Doc. 22); and clarification of the case (Doc. 26).

## II.     Reconsideration

Plaintiff has filed a one paragraph motion for reconsideration which generally asserts only that the deficiencies outlined by this Court's October 9, 2016 Memorandum and Order may be cured through submission of an amended complaint.  M.D. Pa. Local Rule 7.10 requires that any motion for reconsideration or reargument be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned.  The Plaintiff has not submitted a supporting brief with respect to his motion.  Accordingly, the motion for reconsideration is subject to dismissal under Local Rule 7.10.

Moreover, although granted an enlargement of time in which to do so, a review of the docket shows that Whitenight has not submitted a proposed amended complaint.   In light of that failure and the lack of a brief supporting the reconsideration motion, there is no discernible basis upon which to grant the unsupported request for reconsideration.

It is acknowledged that Plaintiff did file one hundred and thirty-seven (137)  pages of exhibits (Doc. 19).  However, those exhibits cannot stand as an adequate proposed amended complaint.  The exhibits show that while previously confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp

Hill) the Plaintiff was treated for a back condition. The medical care provided to the prisoner included surgical and physical therapy evaluations, a liver function test, and MRI testing. It was determined by the medical staff that there was no need for surgery. *See* Doc. 19, p. 8.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235-36 (3d Cir. 2004); *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir. 1979).

With respect to the subjective deliberate indifference component of *Estelle*, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*

3

*v. Brennan*, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). In *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986), the Supreme Court of the United States noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983. *Id.* at 347-348. Simply put, allegations of negligence "do not trigger constitutional protections." *Whooten v. Bussanich*, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).[1]

Since Plaintiff's exhibits show that he was afforded medical treatment at SCI-Camp Hill it appears that Whitenight wishes to challenge the quality of the

---

[1] There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim. *See* 28 U.S.C. § 1367

medical care provided to him there. However, claims which represent a prisoner's disagreement with the quality of the medical care provided to him are not actionable in a civil rights suit pursuant to the standards announced in *Davidson* and *Whooten*.

### III. Certificate of Merit

Plaintiff has also filed a proposed certificate of merit which generally claims that expert testimony by an appropriate licensed professional is not necessary in this case. *See* Doc. 24. In order to present a prima facie case of medical malpractice/negligence under Pennsylvania state law, a plaintiff has the burden of presenting expert testimony by an appropriate licensed professional who can testify to a reasonable degree of medical certainty that the actions or omissions of the defendant deviated from acceptable medical standards, and that said deviation constituted a substantial factor in causing the Plaintiff's injury. *See Simpson v. Bureau of Prisons*, 2005 WL 2387631 *5 (M.D. Pa. Sept. 28, 2005)(Vanaskie, C.J.).[2]

---

[2] The only exception to this rule is where the matter "is so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience and comprehension of even nonprofessional persons." *Berman v. United States*, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002) (citing *Brannan v. Lankenau Hospital*, 490 Pa. 588 (1980). However, the instances when expert opinions may be unnecessary are rare. *See Simpson*, 2005 WL *6; *Arrington v. Inch*, 2006 WL 860961 *7 (M.D. Pa. March 30, 2006) (Conner, J.).

5

Rule 1042.3 requires a person who brings a claim of medical malpractice/negligence to file an appropriate certificate of merit. The Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; or (3) expert testimony of an appropriate licensed professional is unnecessary.

Plaintiff's submission of a proposed certificate of merit does not warrant reconsideration of the dismissal of this matter. His filing also cannot stand by itself as a proposed amended complaint.

## IV. Class Certification

Whitenight has also filed a motion requesting that this matter be certified as a class action. *See* Doc. 22. In addition to being subject to dismissal on the basis of mootness, it is also noted that numerous federal courts have recognized that a *pro se* litigant such as lacks the capacity to represent the interests of his fellow inmates in a class action. *Cahn v. United States*, 269 F. Supp.2d 537, 547 (D.N.J.

2003); *Caputo v. Fauver*, 800 F. Supp 168, 170 (D.N.J. 1992); *Collinsgru v. Palmyra Board Of Education*, 161 F.3d 225, 232 (3d Cir. 1998)(non-attorneys cannot litigate the rights of others); *Osei-Afriye v. Medical College of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991). It is plain error to permit a pro se inmate litigant to represent fellow inmates. *Whalen v. Wiley*, No. 06- 809, 2007 WL 433340 *2 (D.Col. Feb. 1, 2007).

However, a *pro se* litigant seeking class certification may "continue individually to pursue his claims." *Id*. Simply put, a pro se prisoner pursuing a civil rights claim in federal court "must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Id.*; *Nilsson v. Coughlin*, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987).

Accordingly, since a *pro se* litigant cannot represent and protect the interests of a class fairly and adequately, Plaintiff's request for class certification will be denied. *See Sacaza-Jackson v. Aviles*, 2007 WL 38905 *3 (D.N.J. Jan. 4, 2007). .

**V.     Appointment of Counsel/Clarification**

Whitenight has additionally submitted a motion seeking appointment of counsel and a motion seeking clarification which requests that this matter be allowed to proceed.

7

Since Plaintiff's request for reconsideration is denied, both of those motions are subject to dismissal on the basis of mootness. It is also noted that neither of those submissions could be properly construed as a proposed amended complaint. An appropriate Order follows.

**AND NOW**, this 25th day of May 2017, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for reconsideration (Doc. 16) is **DENIED**.

2. The Plaintiff's motions to appoint counsel (Doc. 20); seeking class certification (Doc. 22); and for clarification (Doc. 26) are **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge