# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN WHITENIGHT, | No. 4:16-CV-01350 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| LAURAL HARRY, et al., | |
| Defendants. | |

## ORDER

### APRIL 23, 2019

Shawn Whitenight, formerly a Pennsylvania state prisoner, filed this amended 42 U.S.C. § 1983 complaint alleging that Defendants violated his constitutional rights by (1) providing inadequate medical treatment and (2) retaliating against Whitenight for filing grievances.[1] Although Whitenight included claims against numerous defendants, this Court screened the amended complaint and allowed claims to proceed only against Jose Boggio, Vanitha Abraham, Amy Flatt, and Theadore Voorstad.[2] Those defendants have filed a motion to dismiss.[3]

In January 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court grant Defendants' motion to

---

[1] Doc. 40.
[2] Doc. 41.
[3] Doc. 58.

dismiss.⁴ Magistrate Judge Carlson concludes that Whitenight's Eighth Amendment claims fail because those assertions amount to—at most—a disagreement with medical professionals about the proper course of treatment.⁵ With regard to Whitenight's First Amendment retaliation claim, Magistrate Judge Carlson concludes that Whitenight failed to sufficiently allege adverse action and—even if he had—failed to establish a causal connection between his protected activity and any adverse action.⁶ Finally, because Magistrate Judge Carlson recommends dismissing all federal claims, he also recommends declining to exercise supplemental jurisdiction over Whitenight's state law claims.⁷ Whitenight filed timely objections and, although Whitenight cavils about various portions of the Report and Recommendation, he largely reiterates his arguments about the merits of his claims and asserts that Magistrate Judge Carlson misinterpreted portions of the amended complaint.⁸

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"⁹

---

⁴ Doc. 67.
⁵ *Id.* at 22-30.
⁶ *Id.* at 30-33.
⁷ *Id.* at 33-34.
⁸ Doc. 72.
⁹ *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[10] Upon de novo review of Magistrate Judge Carlson's Report and Recommendation, the Court finds no error in the conclusion that Whitenight's complaint fails to state a claim against any defendants. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 67) is **ADOPTED in its entirety**;

2. Defendants' Motion to dismiss (Doc. 58) is **GRANTED**;

3. Whitenight's First and Eighth Amendment claims are **DISMISSED with prejudice**;

4. Whitenight's state law claims are **DISMISSED without prejudice**;

5. Defendants' motion to strike (Doc. 60) is **DENIED as moot**;

6. Whitenight's motion for recusal (Doc. 71) is **DENIED**; and

7. The Clerk of Court is direct to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[10] 28 U.S.C. § 636(b)(1); Local Rule 72.31.